RAFAEL CARRIÓN, AS JUDICIAL ADMINISTRATOR, ETC., Plaintiff and Appellee, *v.* FRANCISCO MENDÍA MORALES ET AL., Defendants and Appellants.

No. 6798. Argued March 4, 1935.—Decided March 12, 1935.

*F. Ramírez de Arellano* for appellants. *J. Ramírez Santibáñez* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The complaint in this case is one for the recovery of a mortgage credit and was filed on September 10, 1932. It

is alleged therein, in short, that the plaintiff is the Banco Comercial de Puerto Rico, a banking corporation organized under the laws of this island, and now under judicial administration, the administrator being Rafael Carrión; that the defendants, Francisco Mendía and his wife María Silva, by a public deed executed on November 19, 1929, and recorded in the registry of property, acknowledged to be indebted to plaintiff in the sum of $13,766.01, and agreed to pay the same on September 5, 1930, with interest thereon at 10 per cent per annum; that by the same deed the defendants secured such debt, plus the additional sum of $1,000 for costs, expenses, disbursements, and attorney's fees, with a mortgage executed by them in favor of the bank on two pieces of properties which are described, and that neither said debt nor the mortgage securing same has been paid or canceled.

An authenticated copy of the deed above mentioned, together with notice of its registration in the registry, was attached to the complaint, and prayer was made that, in due course, judgment be rendered ordering the defendants to pay the amount claimed and interest, with costs in the stipulated amount, and directing the marshal to sell at public auction to the highest bidder the mortgaged property to pay the amount claimed and acknowledged, and ordered to be paid by the judgment.

The defendants were summoned, and on September 26, 1932, they presented a motion to strike out and demurrers. The motion and the demurrers were submitted by the parties without argument, and the court overruled the same by an order of October 27, 1932.

Thereupon the defendants answered and set up two defenses.

By the first, they alleged, in short, that the complaint should be dismissed as being unintelligible and uncertain, since it having been the intention of the parties in executing the contract, to assume all the responsibilities could not

be waived by one of the parties alone, as the creditor was apparently attempting to do by failing to pursue, in the enforcement of his mortgage credit, the summary process and by selecting a confused procedure which was neither said summary process nor the ordinary action prescribed by the Code of Civil Procedure.

By the second, they admitted that by a public deed they had acknowledged owing to the Banco Comercial de Puerto Rico the sum of $13,766.01 claimed, and that a promissory note for that amount which is not copied in the complaint, was signed, but denied that the amount due was $13,766.01, inasmuch as they had paid on account $366.01. They further alleged that from the same deed exhibited with the complaint it appeared that the original debt was $12,500, and that the difference up to the sum claimed represents interest, for which reason interest can not be claimed on the whole amount owed, for that would be equivalent to demanding interest on interest.

The case went to trial and the plaintiff admitted payment of the sum of $366.01 alleged in the answer and the note for $13,766.01, payable September 5, 1930, was presented in evidence. In this note the defendants agreed severally to pay to the bank the amount stated, plus interest and $1,000 additional for costs in case of judicial action.

The court rendered judgment on May 23, 1934, adjudging the defendants to pay to the plaintiff $13,400 with interest thereon at the agreed rate and $1,000 for costs and ordering that the mortgaged properties be sold at public auction in satisfaction of the judgment.

Feeling aggrieved by that decision, the defendants took an appeal on June 27, 1934. Two days afterward the plaintiff moved the court to amend its judgment by including in the description of the properties the house located on the lots, and the court so ordered. The amendment was notified to the defendants, and the latter filed a new notice of appeal

238

After the transcript of the record and the appellants' brief had been filed in this Supreme Court, the appellee bank moved to dismiss the appeal as frivolous. This motion having been set for hearing, the appellants appeared by their attorney and objected to the dismissal sought.

Four errors are assigned in the brief of the appellants.

They maintain in the first assignment that the procedure followed herein was not authorized by law, and in the fourth that if the procedure followed was that authorized by the Code of Civil Procedure, then the judge could not order the sale at public auction of the mortgaged properties. This court has repeatedly held that a creditor whose claim is secured by mortgage is not bound to resort to the executory process to enforce such claim by judicial action. And if he follows the ordinary proceeding and it is alleged and shown therein that there are some properties previously mortgaged to secure the debt, it is not improper to order their sale in satisfaction of the judgment. The mortgage in such a case is equivalent to the levy of a previous attachment to secure the judgment.

In the third assignment it is maintained that as the original debt amounted to $12,500 and the sum of $13,766.01 had been reached by adding the unpaid interest, the court could not decree the payment of interest on the total sum because that would be equivalent to collecting interest on interest, which is contrary to law.

It has been shown that a prior contract existed. The defendants were unable to fulfil the same. Both parties met and by a public deed entered into a new transaction, and a note was signed for the exact amount claimed. There is no basis for even entertaining the contention raised. As correctly said by the lower court in the statement of the case which served as a basis for its judgment, "the two obligations and the interest thereon which were the object of the transaction specified in the mortgage deed, merged in the new contract when the note was signed on November

19, 1929, and hence it can not be said that interest on interest is being charged.''

The fourth assignment refers to the amendment of the judgment after an appeal had been taken therefrom. This is the only assignment that has made us hesitate as to whether or not a truly frivolous appeal is involved, but as all that the appellants state in their brief in arguing this question is that: ''The defendants and appellants consider that after the first judgment was rendered and they had filed their notice of appeal, the lower court lost its jurisdiction over the matter, and had no authority to enter the amended judgment to which we have referred''; as there are exceptions to the rule that a trial court loses control of its judgment once an appeal is taken; as a mere correction of the description of properties by conforming the same to the record of the case is involved; and as the appellants were in no way prejudiced, we shall resolve our doubt in the affirmative.

The court ordered the payment of a debt that had been clearly proved. The appeal has been taken merely for the purpose of delaying the execution of the judgment. Hence the appeal must be dismissed as frivolous.